UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GARRICK JONES                                                      CIVIL ACTION

VERSUS                                                              NO. 18-4342

ST. CHARLES PARISH                             SECTION: "R"(1)
SHERIFF'S OFFICE, ET AL.

## REPORT AND RECOMMENDATION

Plaintiff, Garrick Jones, a federal pretrial detainee incarcerated at the Nelson Coleman Correctional Center in Killona, Louisiana, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983.[1] He sued the following defendants: the St. Charles Parish Sheriff's Office; the Nelson Coleman Correctional Center; Warden Robertson; Sheriff Greg Champagne; and the United States Marshals Service. In this lawsuit, plaintiff claims that he slipped and fell at the correctional center and that he has not received adequate medical care for his resulting injury.

To better understand the factual bases of plaintiff's claims, the Court held a Spears hearing on July 3, 2018. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature

---

[1] In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983.

of a Fed. R. Civ. P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

Based on plaintiff's complaint and Spears hearing testimony, the Court finds that he is making the following allegations in this lawsuit: On April 9, 2018, plaintiff slipped in a puddle caused by a leak at the correctional center, resulting in a fall and an injury to his back. He immediately requested medical attention, and he was given a Motrin, a nonsteroidal anti-inflammatory pain medication. He was also scheduled for an x-ray to be taken a few days later. After the x-ray was taken and reviewed, he was told that the x-ray revealed that "nothing was wrong"; however, he disputes that conclusion because his pain persisted. When he requested an MRI, the jail doctor denied that request and instead prescribed an increase dosage of Neurontin, a nerve pain medication plaintiff was already taking for a preexisting back injury. Plaintiff testified that he is also taking Flexeril, a muscle relaxant. Plaintiff testified that he sued Sheriff Champagne and Warden Robertson simply because they are in charge of the Nelson Coleman Correctional Center. Plaintiff stated that he named the United States Marshals Service as a defendant because he is a federal detainee.

## I.  Standards of Review

With respect to actions filed *in forma pauperis*, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
>     (i)    is frivolous or malicious;
>     (ii)   fails to state a claim on which relief may be granted; or
>     (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Federal law also mandates that federal courts screen cases, such as the instant one, "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[2] Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches

---

[2] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

3

Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[3] and fully considering his Spears hearing testimony, the undersigned recommends that the complaint be dismissed as frivolous and/or for failing to state a claim upon which relief may be granted for the following reasons.

## II.  Improper Defendants

As an initial matter, the Court notes that plaintiff has named a number of improper defendants.

First, plaintiff has sued the St. Charles Parish Sheriff's Office. However, a Louisiana parish sheriff's office simply is not a legal entity capable of being sued. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 283 (5th Cir. 2002); see also Marin v. St. Charles Parish Sheriff's Office, Civ. Action No. 14-1154, 2014 WL 5780630, at *2 (E.D. La. Nov. 4, 2014); Francois v. Jefferson Parish Sheriff's Office, Civ. Action No. 12-1965, 2013 WL 654640, at *6 (E.D. La. Feb. 21, 2013) ("Louisiana law has not afforded any legal status to parish sheriff's departments such that they can be sued.").

---

[3] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

4

Second, plaintiff has also sued the Nelson Coleman Correctional Center. However, a correctional center is merely a building, not a "person" subject to suit under § 1983. Marin, 2014 WL 5780630, at *3; Langlinais v. Nelson Coleman Correctional Center, Civ. Action No. 13-3003, 2013 WL 5507303 (E.D. La. Oct. 2, 2013); Davis v. Nelson Coleman Correctional Center, Civ. Action No. 10-2257, 2010 WL 4935304, at *2 (E.D. La. Oct. 29, 2010), adopted, 2010 WL 4931883 (E.D. La. Nov. 30, 2010); Taylor v. Nelson Coleman Correctional Center, Civ. Action No. 10-841, 2010 WL 1979618, at *2 (E.D. La. Apr. 22, 2010), adopted, 2010 WL 1980406 (E.D. La. May 14, 2010); Diggs v. Nelson Coleman Correctional Center, Civ. Action No. 10-97, 2010 WL 1038229, at *3 (E.D. La. Feb. 17, 2010), adopted, 2010 WL 1038230 (E.D. La. Mar. 17, 2010).

Third, plaintiff has also sued the United States Marshals Service. Because the United States Marshals Service is a federal (not state) entity, the claim against it must be construed as a Bivens claim. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971); West v. U.S. Marshal, No. 01-30350, 2001 WL 1468197 (5th Cir. 2001); Serrano v. United States Department of Justice, Civil Action No. 01-521, 2001 WL 1190993, at *3 (E.D. La. Oct. 5, 2001). However, Bivens claims cannot be brought against federal agencies. FDIC v. Meyer, 510 U.S. 471, 484-86 (1994); West, 2001 WL 1468197, at *1; Moore v. United States Department of Agriculture, 55 F.3d 991, 995 (5th Cir. 1995). Accordingly, the United States Marshals Service is an improper defendant in a Bivens action. Biyiklioglu v. St. Tammany Parish Jail, Civ. Action No. 14-1684, 2015 WL 3966219, at *8 (E.D. La. June 2, 2015), adopted, 2015 WL 3966159 (E.D. La. June 29, 2015); accord West, 2001 WL 1468197, at *1; Cleary v. United

States Marshal's Service, No. C95-6825, 1998 WL 246445, *3 n.6 (D. Ill. Apr. 20, 1998); Whayne v. State of Kansas, 980 F. Supp. 387, 394 (D. Kan. 1997).

### III.  Remaining Defendants

The only remaining defendants are Sheriff Greg Champagne and Warden Robertson. Although a sheriff and a jail warden can be proper defendants in a § 1983 case, plaintiff has failed to state a proper claim against either Champagne or Robertson for the following reasons.

If Champagne and Robertson are being sued in their official capacities, it is clear that "[o]fficial capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, any official-capacities claims against Champagne and Robertson would in reality be claims against the local governmental body itself. Maize v. Correct Health Jefferson, L.L.C., Civ. Action No. 13-5925, 2013 WL 6490549, at *2 (E.D. La. Dec. 10, 2013); see also Picard v. Gusman, Civ. Action No. 12-1966, 2012 WL 6504772, at *4 (E.D. La. Nov. 26, 2012), adopted, 2012 WL 6504528 (E.D. La. Dec. 13, 2012); Alexander v. City of Gretna, Civ. Action No. 06-5405, 2010 WL 3791714, at *3 (E.D. La. Sept. 17, 2010); Weatherspoon v. Normand, Civ. Action No. 10-060, 2010 WL 724171, at *2-3 (E.D. La. Feb. 22, 2010). However, the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, *a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted.* To satisfy the cause in fact requirement, *a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom.* The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (emphasis added; citations, quotation marks, and brackets omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. In the instant case, plaintiff does not allege that his constitutional rights were violated as a result of a policy or custom, much less identify such a policy or custom. Accordingly, he has failed to state a proper official-capacity claim against Champagne or Robertson.

On the other hand, if Champagne and Robertson are being sued in their individual capacities, "[p]laintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Moreover, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). In the instant case, there is no allegation that either Champagne or Robertson was in any way *personally involved* in the actions or inactions on which plaintiff's claims are based. Where, as here, a plaintiff merely lists an individual as a defendant but makes no factual allegations whatsoever against him, no cognizable claim has been stated against that defendant. See, e.g., Hall v. Peck, Civ. Action No. 16-13527, 2017 WL 745729, at *2

7

(E.D. La. Jan. 12, 2017), adopted, 2017 WL 788354 (E.D. La. Feb. 23, 2017); Reavis v. State of Louisiana, Civ. Action No. 16-1692, 2016 WL 3571440, at *3 (E.D. La. June 8, 2016), adopted, 2016 WL 3524139 (E.D. La. June 28, 2016); White v. Gusman, Civ. Action No. 14-2131, 2014 WL 6065617, at *2 (E.D. La. Nov. 12, 2014). Accordingly, plaintiff has likewise failed to state a proper individual-capacity claim against Champagne or Robertson.

Lastly, at the Spears hearing, plaintiff stated that he sued Champagne and Robertson because they are in charge of the Nelson Coleman Correctional Center. However, that is not a proper basis for imposing liability in a federal civil rights action. Although Champagne and Robertson hold supervisory positions at the jail, they cannot be held liable pursuant to 42 U.S.C. § 1983 under any theory of strict liability[4] or vicarious liability.[5]

### IV. Plaintiff's Claims

Out of an abundance of caution, the Court further notes that plaintiff's underlying claims fail on the merits for the following reasons. Therefore, any attempt to amend his complaint to add additional allegations against Champagne or Robertson – or to name a more appropriate defendant – would be futile.

### A. "Slip and Fall" Claim

To the extent that plaintiff is asserting a "slip and fall" claim based on the fact that he fell after slipping in a puddle caused by a leak, that claim is not actionable under federal law.

---

[4] Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *5 (E.D. La. Aug. 1, 2007).

[5] Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans, 2008 WL 2223281, at *2.

8

Accidental falls, while unfortunate, simply do not rise to the level of federal constitutional violations. See, e.g., Coleman v. Sweetin, 745 F.3d 756, 764 (5th Cir. 2014) ("[T]he lower court essentially held that prisoner slip-and-fall claims almost never serve as the predicate for constitutional violations as a matter of law. We agree with this conclusion. ... Other federal courts, including district courts in this circuit, have frequently rejected constitutional claims arising from slip and fall accidents."); Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995) ("slip and fall" lawsuits present "garden-variety negligence claim[s] ... not actionable under section 1983"); see also Atkins v. Sheriff's Jail Avoyelle's Parish, 278 Fed. App'x 438, 439 (5th Cir. 2008); McLaughlin v. Farries, 122 Fed. App'x 692, 693 (5th Cir. 2004); Beasley v. Anderson, No. 02-11114, 2003 WL 21108537 (5th Cir. Apr. 22, 2003); Benton v. Grant, No. 01-60272, 2001 WL 1751477 (5th Cir. Dec. 27, 2001).

As the United States Supreme Court has explained:

> Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. *Remedy for the latter type of injury must be sought in state court under traditional tort-law principles.*

Baker v. McCollan, 443 U.S. 137, 146 (1979) (emphasis added).

### B.  Medical Claim

Plaintiff's claim challenging the adequacy of his medical care fares no better. Obviously, all inmates, regardless of whether they are pretrial detainees or convicted prisoners, have a right to medical care in jail. However, that right is a limited one, and an inmate's federal constitutional right to medical care is violated only if his "serious medical needs" are met with "deliberate indifference" on the part of penal authorities. See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999). Here, even if

9

plaintiff could establish that he has a serious medical need,[6] which is doubtful at best considering that he is complaining of only back pain,[7] his claim would still fail on the "deliberate indifference" prong of the analysis.

The United States Fifth Circuit Court of Appeals has explained:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks, brackets, and citations omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

Here, plaintiff merely disagrees with the physician's opinion as to whether (1) additional treatment, other than the medications he is being given, is necessary and (2) additional testing, such as an MRI, is necessary for an accurate diagnosis. However, absent exceptional circumstances, a disagreement concerning treatment does not constitute deliberate indifference.

---

[6] "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006).

[7] See, e.g., Dickerson v. Collins, Civ. Action No. 14-00008, 2015 WL 5680368, at *4 & n.52 (M.D. La. Sept. 25, 2015) ("[C]ourts within this circuit have recognized [that] complaints of back pain and spasms without more simply do not rise to the level of 'serious medical needs.'"); Curran v. Aleshire, 67 F. Supp. 3d 741, 766 (E.D. La. 2014) ("Several courts also have found that neck and back pain are not serious medical needs."), appeal dismissed, 800 F.3d 656 (5th Cir. 2015); cf. Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992) ("Continuing back pain is unpleasant. Its existence does not, however, in and of itself demonstrate that a constitutional violation occurred.").

Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006); see also Brauner v. Coody, 793 F.3d 493, 500 (5th Cir. 2015) (a prison doctor's "refusal to accommodate [a prisoner's] requests in the manner he desired" is not deliberate indifference).  Moreover, "the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment."  Estelle v. Gamble, 429 U.S. 97, 107 (1976); accord Brown v. Adams, 267 Fed. App'x 377, 378 (5th Cir. 2008) ("[Prisoner's] complaint that an MRI should have been taken of his knee constitutes a disagreement with medical treatment and is insufficient to establish a cognizable claim of deliberate indifference.").  Generally, such matters of professional medical judgment are better left to the expertise of medical personnel rather than to the legal expertise of judges.  Federal courts are therefore reluctant to second-guess such medical decisions in federal civil rights actions.  Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."); Castro v. Louisiana, Civ. Action No. 08-4248, 2008 WL 5169401, at *4 (E.D. La. Dec. 8, 2008) ("[M]edical judgments are not to be lightly second-guessed in a federal civil rights action.").  This is true even if, as here, the inmate believes that he may have been misdiagnosed, because "[i]t is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference."  Domino, 239 F.3d at 756.  In summary, there is no basis whatsoever to engage in such second-guessing in the instant case.

The foregoing conclusion is not changed by the fact that plaintiff's injury has not been cured.  Where, as here, an inmate has in fact received medical treatment, federal constitutional protections are not violated just because that treatment was unsuccessful or because pain persisted

despite the treatment. Gobert, 463 F.3d at 346; Williams v. Chief of Medical Operations, Tarrant County Jail, No. 94-10115, 1994 WL 733493, at *2 (5th Cir. Dec. 27, 1994); Kron v. Tanner, Civ. Action No. 10-518, 2010 WL 3199854, at *7 (E.D. La. May 19, 2010), adopted, 2010 WL 3171040 (E.D. La. Aug. 6, 2010).

Nor is the foregoing conclusion changed by the fact that plaintiff's medical care "may not have been the best money could buy." Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992); accord Gobert, 463 F.3d at 349 ("[D]eliberate indifference exists wholly independent of an optimal standard of care."); McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978). In fact, the federal constitution does not require even that an inmate's medical care be free from negligence or medical malpractice. Hall v. Thomas, 190 F.3d 693, 697-98 (5th Cir. 1999); see also Kelly v. Gusman, Civ. Action No. 07-611, 2007 WL 2007992, at *4 (E.D. La. July 5, 2007); Cerna v. Texas Tech Medical Staff, No. 2:03-CV-0322, 2004 WL 42602, at *2 (N.D. Tex. Jan. 7, 2004). Rather, claims of negligence or medical malpractice present issues of state law for state courts, not federal constitutional issues for a federal court. See Estelle v. Gamble, 429 U.S. 97, 107 (1976); Coleman v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 13-4325, 2013 WL 6004051, at *4 (E.D. La. Nov. 13, 2013).

In summary, the determinative issue before the Court is not whether plaintiff's medical treatment was subpar in some respect, whether his medical problem persisted despite treatment, or whether he was dissatisfied with his care; rather, it is only whether he had a serious medical need that was met with deliberate indifference. He did not. Accordingly, his claim that he was denied adequate medical care is legally frivolous.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be dismissed as frivolous and/or for failing to state a claim upon which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-seventh day of August, 2018.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**